UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------x
ROBERTO BIRMAN and ELENA BIRMAN,

                        Civil Case No. 21-cv-6634

                Plaintiffs,

-against-    **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

AMERICAN AIRLINES INC.
and JANE DOE (1-10).

                Defendants,
---------------------------------------------x

Plaintiffs, ROBERTO BIRMAN and ELENA BIRMAN, ("The Birmans" or Plaintiffs"), by and through their attorneys, on behalf of themselves based on personal knowledge with respect to their own circumstances and based upon information and belief pursuant to the investigation of their counsel as to all other allegations, bring this civil rights action pursuant to 42 U.S.C. §1981 against Defendant, AMERICAN AIRLINES, INC., ("Airline") for discrimination that relates to The Birmans' race, religion, ancestry, country of origin, and ethnic characteristics; for denial of freedom and equality; for embarrassment, humiliation, and disparaging treatment; for defamation; for negligence; and for intentional infliction of emotional distress.

**PARTIES**

1. Plaintiffs, ROBERTO BIRMAN and ELENA BIRMAN are natural persons who are and have been, at all relevant times, residents of New York State and Kings County in New York City and are American citizens.

2. Defendant AMERICAN AIRLINES, INC., is a Delaware corporation with its principal place of business located at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155.

3. For purposes of 28 U.S.C. § 1332, American Airlines is a citizen of Delaware and Texas. It may be served with process through its agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Defendant Jane Doe (1-10) are named as individually and as an employees and/or agents of Defendant AMERICAN AIRLINES, INC, (said names being fictitious and indiscernible at this time), are agents or employees thereof.

## JURISDICTION

4. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C § 1331, 1333, as the claims averred herein arise out of civil and constitutional rights violations arising under the Civil Rights Act of 1991, 42 U.S.C. § 1981 and 42 U.S.C. § 2000(d), which prohibits racial discrimination.

5. This Court also has subject matter jurisdiction pursuant to U.S.C. §1332(a)(2) because the Plaintiffs and the Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims of discrimination because of the Birmans' race, ancestry, and ethnic characteristics because Plaintiffs claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the U.S. Constitution; American Airline's discrimination against Plaintiffs in removing the Birmans from American Airline flight. In addition to Plaintiffs New York State common law claims of breach of contract, breach of obligations of good faith, intention and negligent infliction of emotional distress and violation of New York State General Business Law all of which this court has supplemental jurisdiction over.

## VENUE

7. Venue is proper in this district under 28 U.S.C. §139l(a)(l), §139l(b)(l) and §139l(a)(3) because at all times hereunder mentioned Plaintiffs reside in this State in the County of Kings and Defendant is registered to do business in this state and is subject to personal jurisdiction in this district.

## CONDITIONS PRECEDENT

8. All conditions precedent to the institution of this lawsuit have been performed or have occurred.

## STATEMENT OF FACTS

9. At all times hereinafter mentioned, Defendant AMERICAN AIRLINES GROUP INC. ("AMERICAN AIRLINES") was and still is a domestic corporation incorporated in the State of Delaware with its principal place of business in Texas.

10. At all times hereinafter mentioned, Defendant AMERICAN AIRLINES INC. was and still is a foreign corporation authorized to do business in the State of New York.

11. At all times hereinafter mentioned, Defendant JANE DOE was and still is an individual over the age of eighteen, and a resident and citizen of the State of New York, County of New York.

12. Upon information and belief, at all relevant times, AMERICAN AIRLINES is a common carrier and operated commercial flights and operated the planes thereon.

13. Upon information and belief, at all relevant times, AMERICAN AIRLINES owned the planes traversing the airways, including, but not limited to a plane designated flight number 322 from Miami International Airport to Newark on August 12, 2021.

14. Upon information and belief, at all relevant times, AMERICAN AIRLINES leased the planes traversing the airways, including, but not limited to a plane designated flight 322 from Miami International Airport to Newark on August 12, 2021.

15. Upon information and belief, at all relevant times, AMERICAN AIRLINES was and still is responsible for maintaining the planes traversing the airways, including, but not limited to a plane designated flight 322 from Miami International Airport to Newark on August 12, 2021.

16. Upon information and belief, at all relevant times, AMERICAN AIRLINES was and still does operate for maintaining the planes traversing the airways, including, but not limited to a plane designated flight 322 from Miami International Airport to Newark on August 12, 2021.

17. Upon information and belief, at all relevant times, AMERICAN AIRLINES was and still is a common carrier for the planes traversing the airways, including, but not limited to a plane designated flight 322 from Miami International Airport to Newark on August 12, 2021.

18. Upon information and belief, at all relevant times, AMERICAN AIRLINES was and still is responsible for providing safe passage for its paying customers on board the planes traversing the airways, including, but not limited to a plane designated flight 322 from Miami International Airport to Newark on August 12, 2021.

19. Upon information and belief, at all relevant times, AMERICAN AIRLINES had the duty to protect and maintain the physical safety of its customers and patrons while on board the plane, including, but not limited to a plane designated flight 322 from Miami International Airport to Newark on August 12, 2021.

20. On August 12, 2021., Defendant JANE DOE was a flight attendant and employee or agent of AMERICAN AIRLINES working on board flight but not limited to a plane designated flight 322 from Newark to Miami International Airport on August 12, 2021.

21. On August 12, 2021, Plaintiffs ROBERTO BIRMAN AND ELENA BIRMAN were lawful paying customers of AMERICAN AIRLINES, boarding flight 322 from Miami to Newark.

22. On August 12, 2021., Plaintiffs ROBERTO BIRMAN AND ELENA BIRMAN were lawful paying customers of AMERICAN AIRLINES, boarding a flight from Miami to Newark, when Plaintiffs were subjected to illegal and discriminatory conducted by JANE DOE, an employee and/or agent of AMERICAN AIRLINES before take-off.

23. On August 12, 2021., Plaintiffs ROBERTO BIRMAN AND ELENA BIRMAN had boarded flight 322 from Miami International Airport to Newark, which was docked/parked at the gate at Miami International Airport.

24. Upon information and belief and at all relevant times, American Airlines is a commercial airline in the business of providing air transportation to passengers and as such, is a common carrier bound by a heightened duty of care to its passengers. Plaintiffs were equally owed this duty of care as paying, ticketed, and seated passengers of American Airlines.

25. American Airlines racially discriminated against Plaintiffs and acted negligently, breaching its duty of care to Plaintiffs by failing to act reasonably in providing a safe travel environment free from hostility and racial discrimination; in failing to act with the highest care and vigilance of a cautious person in providing a safe travel environment free from hostility and racial discrimination; in failing to establish protocols and procedures regarding reliance on a purported complaint that were completely unreasonable that required the pilot to remove Plaintiffs; in failing to take reasonable care in assessing, addressing, corroborating, verifying, or even simply determining the authenticity of the flight attendant's complaints or the pilot's failure to investigate same and thus failing to act with the highest care and vigilance of a cautious person in assessing,

addressing, corroborating, verifying, or even simply determining the authenticity of the pilot's or purported passengers' complaints; in failing to honor contractual relationships; and in failing to treat a Jew, Orthodox Jew, the same way as other passengers.

26. On the evening of August 12, 2021, Plaintiffs boarded a plane operated by American Airlines to travel from Miami International Airport to Newark, New Jersey. As soon as the elderly couple and their carry-on luggage were cleared by airport security, they walked over to the departure gate and waited until it was boarding time without incident. While waiting by the departure gate, a staff member for American Airlines made an announcement that they were looking for volunteers on Flight 322 to gate-check their carry-on bags. After noticing that no other passengers volunteered, and out of the kindness of their heart, the elderly couple decided to volunteer and gave their carry-on bags to the American Airline staff to be checked. However, as the old saying goes, no good deed goes unpunished.

27. Shortly thereafter right before takeoff, an American Airlines flight attendant (a/k/a Defendant Jane Doe) began checking the aisles and overhead compartments. While doing so, the American Airlines employee proceeded to take Mr. Birman's religious Tallit bag out from the overhead compartment and placed it on his lap and instructed Mr. Birman to put the Tallit bag on the floor underneath his seat.

28. It was at this point that Mr. Birman removed his baseball cap to show the flight attendant that he was wearing a kippah and stated that it is against his religion to place the sacred Tallit bag on the floor. It is important to note that a Tallit bag is extremely small -- 8.5" x 8.5'' so it is inexplicable as to why this flight attendant was insistent as to removal of a small soft bag adorned with Hebrew characters that candidly resembles a religious pillow in the first place.

29. Despite these facts, the flight attendant refused to listen to Mr. and Mrs. Birman. It warrants mentioning that the Birmans are in their 70s and have never experienced anything like this before in their lives.

30. The flight attendant demanded that Mr. Birman place the sacred Tallit on the floor despite it being against their religion to do so. Mr. and Mrs. Birman were of course unable to comply. Thereafter the flight attendant and pilot demanded that they exit the plane. At that point the Birmans were confused, deeply humiliated, disrespected, lost, perplexed, and at a complete loss. Mr. and Mrs. Birman were being discriminated against because of their race, religion and nationality and before a planeload of other passengers.

31. As a result, the plane took off without Mr. and Mrs. Birman, leaving them without their volunteered checked luggage that contained Mr. Birman's medication for his diabetes.

32. To make matters worse, after being subjected to such profound discrimination for their religious beliefs, they were not able to get on another flight back to Newark until the next day, August 13, 2021.

33. Furthermore, and against all company protocol, American Airlines refused to provide hotel accommodations, transportation, or meals to this Jewish couple. It is important to note that this occurred at the same time Hurricane Fred hit Florida.

34. Plaintiffs were ejected from the flight based on the prejudices and complete lack of sensitivity of airline employees and agents for reasons wholly unrelated to security.

35. It would have been an exceedingly small thing for flight attendant Defendant Jane Doe to stop and listen or for the plane's pilot to intercede. A prayer shawl bag is no more perilous than the ubiquitous travel pillows that your passengers carry to support their necks and often keep

in their laps when not in use. As such your flight attendant and pilot's conduct was as offensive as it was illogical.

36. Upon information and belief, Defendant AMERICAN AIRLINES, its agents, servants, and/or employees negligently inflicted emotional distress upon Plaintiffs although AMERICAN AIRLINES, their agents, servants and/or employees knew of Defendant Jane Doe's lack of sensitivity and/or antisemitic bias and/or lack of training and failed to instruct such personnel on how to interact respectfully with Plaintiffs with special religious requirements; in failing to properly supervise such personnel and other passengers aboard the plane; in failing to have competent personnel to operate, control and oversee the interactions with clientele similarly such as Plaintiffs and thereby violated those statutes, ordinances, rules and regulations relating to religious and ethnic discrimination; and in failing to exercise that degree of care required under the circumstances.

37. That on August 12, 2021, Defendant AMERICAN AIRLINES was negligent, careless and reckless in supervising its agents, servants, employees, licensees, contractors and/or subcontractors at the subject airplane; being negligent, careless and reckless in failing to manage and/or agents, servants, employees, licensees, contractors; in failing to prevent the discriminatory and offensive conduct from occurring; and in failing to come to assist or intervene during after Defendant Jane Doe's horrendous and unacceptable behaviors.

38. That the aforementioned occurrence took place due to the negligence of the Defendant, AMERICAN AIRLINES, its agents, servants, employees, licensees, contractors and/or subcontractors, acting within the scope of their authority, within the scope of their employment, and in the furtherance of their agency.

39. That no negligence on the part of the Plaintiffs contributed to the occurrence alleged herein in any manner whatsoever.

## AS AND FOR THE FIRST CAUSE OF ACTION
### (42 U.S.C. § 1981)
### (Against Defendant American Airlines)

40. Plaintiffs repeats and realleges the allegations of Paragraphs 1 through 76 as if set forth in full herein.

41. Plaintiffs are members of a racial minority - the Jewish racial minority group and also Orthodox Jews. At all times relevant hereto, Plaintiffs, despite their race, nationality, culture, religion, skin, and color, had the same civil right to be treated equally in making and enforcing contracts and to be subject to the same punishments, pains, penalties, as white citizens, and to no other, pursuant to 42 U.S.C. § 1981.

42. Therefore, when Plaintiffs contracted with American Airline, a commercial air carrier engaged in air transportation services for passage on Flight 322 from Miami to Newark, Plaintiffs had equal rights of performance, benefits, privileges, terms, and conditions of the contracts entered into. Plaintiffs had the rights to be treated equally and, in a manner, free from discrimination pursuant to the Act.

43. Plaintiffs' rights were violated when they were denied equal treatment in making and enforcing their contract with American Airlines, and were not subject to the same punishments, pains, penalties, and exclusions.

44. Defendant intentionally, purposefully and maliciously discriminated against Plaintiffs based on their race, religion and nationality when by and through American Airline employees and agents, Plaintiffs were removed from the contracted flight on August 12, 2020, for no wrong but for flying while Orthodox Jews and asking that they not be forced to profanely and against their religion store a prayer shawl bag with visible Hebrew characters in manner contrary

to their religious practices.

45. Defendant is liable for the religious and racially charged discriminatory conduct and actions of its agents and employees. American Airlines had no legitimate reason or justification to remove Plaintiffs from the flight. Defendants lied in stating that this harmless couple in their seventies represented a threat when in fact the truth was that the Birmans removal was for racial and for prejudicial reasons. Defendant did not observe any safety concerns with Plaintiffs except for the fact that Defendant's Flight Attendant would not listen to a plaintive reasonable request that prayer shawl bag little different in size or composition that a neck pillow but held to be sacrosanct by the Plaintiffs be stored underfoot. Defendant's Pilot clearly could not be bothered to properly assess the situation and merely deferred to Defendant's Flight attendant or shared here biases. The Birman's offense that caused them to be booted from a flight and deprived of their personal belongings was to ask that they be allowed to keep a prayer bag on their lap instead of underfoot after voluntarily having stowed their luggage upon the Airline's request. If they had their luggage, they could have respectfully stowed the prayer shawl, but Defendants shunned this reasonable request. This exclusion was motivated by unlawful religious hostility and animus towards the Plaintiffs as recognizable Jews.

## AS AND FOR THE SECOND CAUSE OF ACTION
### (42 U.S.C. § 2000(d))
### (Against Defendant American Airlines)

46. Plaintiffs repeats and realleges the allegations of Paragraphs 1 through 82 as if set forth in full herein.

47. At all times relevant hereto, Plaintiffs had the right to participate and enjoy the benefits of federally assisted programs and not be excluded or discriminated against based on race, color, or national origin pursuant to 42 U.S.SC. § 2000(d).

48. At all times relevant hereto, American Airline was and is a commercial air carrier receiving federal assistance as it operates according to the rules and regulations of the Federal Aviation Agency and the Department of Transportation, Department of Homeland security, and works in compliance with various other federal agencies, American Airlines also receives federal funds via federal subsidies and therefore is subject to 42 U.S.C. § 2000(d). Defendant through and by the actions of its agents and employees violated 42 U.S.C. § 2000(d) when it deprived Plaintiffs the participation and benefits of this program.

### AS AND FOR THE THIRD CAUSE OF ACTION
### (49 U.S.C. § 44902)
### (Against Defendant American Airlines)

49. Plaintiffs repeats and realleges the allegations of Paragraphs 1 through 85 as if set forth in full herein.

50. Defendant's act of exclusion against Plaintiffs was solely motivated by hostility and animus towards Plaintiffs because of their race, religion and national origin. The exclusion was arbitrary and capricious. It was unjustified, unreasonable, and it was discriminatory.

51. Defendant's exclusion of Plaintiffs from its flight 322 on August 12, 2020, violated the relevant provision of the Airline Deregulation Act according to Section 44902.

52. As a result, Plaintiffs have suffered emotional damages that includes pain, suffering, unimaginable humiliation, distress, mental anguish, and irreversible mutilation of the Adler name.

### AS AND FOR THE FOURTH CAUSE OF ACTION
### (Breach of Contract)
### (Against Defendant American Airlines)

53. The relief sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

54. The within action falls within one or more of the exceptions of CPLR § 1602.

55. That at all times mentioned herein, the Plaintiffs are natural person, was and still are residents of the County of Kings and the State of New York.

56. That at all times mentioned herein, the defendants are individuals or companies who conduct business in the State of New York and entered into contracts for services in New York.

57. That at all times mentioned herein, the defendants, maintained an office to conduct business in New York State

58. That Defendant American Airlines continues to operate in New York state and throughout the US.

59. That on or about August 2021 the defendants enticed the Plaintiffs to purchase tickets for travels to Newark from Miami instead of purchasing tickets for travel by some other public carrier or airline.

60. This agreement to purchase tickets were negotiated or effectuated with Plaintiffs in New York in Kings County.

61. Instead of honoring the terms therein, Defendants breached the terms thereof.

62. That as a result of the foregoing, the Plaintiffs, have suffered a loss of funds and also reputation and forgone opportunities.

63. That by reason of the foregoing, the Plaintiffs seek a sum of money from the defendants, that will reasonably and fairly compensate them for their injuries including contract damages, costs disbursements and legal fees.

### AS AND FOR THE FIFTH CAUSE OF ACTION
### (Breach of Good Faith and Fair Dealing)
### (Against All Defendants)

64. Plaintiffs repeats and realleges each and every allegation contained in paragraphs 1

through 50 as though fully set forth herein.

65. A contract existed between Plaintiffs and Defendants.

66. Plaintiffs performed its obligations under the agreement including making timely payment.

67. Defendants in turn breached the agreement by failing to honor their promises to safely and respectfully transport Plaintiffs from Miami to Newark.

68. Defendants breached the contract by ejecting the Plaintiffs from the flight upon obviously false and exaggerated pretenses. This breach included a sham enticement that American Airlines core "value system…. [is] … based on integrity, honesty, and the absolute dedication that every decision we make is a responsible and ethical one."

69. Instead, Defendant not only did not treat Plaintiffs ethically and with integrity but rather with humility and lies. Instead of actively and respectfully listening to a reasonable request to accommodate the respectful placement of a religious article little different in size to a neck pillow the 70+ year old Plaintiffs were treated with disdain and disrespect and ejected because they tried to explain it would be profane and improper to store a prayer shawl bag with visible Hebrew characters.

70. All the foregoing constitutes a breach of an implied covenant of good faith and fair dealing with Plaintiffs.

71. Accordingly, Plaintiffs has been damaged in the amount of $1 million dollars demanding this amount.

72. Plaintiffs therefore demands, monetary compensation in the amount of $1 million dollars, plus interest, costs, disbursements of this action, and attorneys' fees.

### AS AND FOR THE SIXTH CAUSE OF ACTION
### (N.Y. Gen. Bus. Law § 349)
### (Against All Defendants)

73. Plaintiffs repeats and realleges the allegations of Paragraphs 1 through 59 as if set forth in full herein.

74. N.Y. GEN. BUS. LAW § 349 declares unlawful "[d]exceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York]."

75. Defendants by holding themselves out as a company with integrity committed to ethical and respectful treatment of its passengers and as a company that follows all laws designed to curtail discrimination but by failing to adopt internal controls to short circuit this came of incident from occurring Defendants deceived Plaintiffs into using its services despite allowing incidents like this and repeatedly backing up the conduct of flight attendants like Jane Doe's.

76. By engaging in the acts and practices above, Defendants have engaged in deceptive and misleading practices in violation of N.Y. GEN. BUS. LAW § 349 and demanded are treble damages to the statutory cap.

### AS AND FOR THE SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

77. Plaintiffs repeats and realleges the allegations of Paragraphs 1 through 63 as if set forth in full herein.

78. On or around August 12, 2021, Defendants epically disrespected the plaintiffs personally and publicly, subject them to public humiliation and scorn and ejecting them form a flight into a storm after encouraging Plaintiffs to check their luggage which contained their diabetes medication and then after having bounced them from a flight not even providing for overnight accommodations or paying for a hotel or even a livery service.

79. Defendants knew or had reason to know that Defendant Jane Doe's representations

about Plaintiffs were false, overblown and nonsensical and that this ordinary older orthodox Jewish couple certainly presently no threat of safety to the flight, the airplane or any other patrons and any disruption was created by the flight attendants' histrionics.

80. Defendants thereby caused Plaintiffs to suffer shame, mortification, and injury to their feelings.

81. In addition, Plaintiffs were forced to travel through a hurricane on August 13th, 2021, as they were kicked off of their scheduled August 12th, 2021, flight from Miami to Newark.

82. As a direct result of Defendants' conduct, Plaintiffs have also suffered, and continues to suffer, from a variety of trauma including, but not limited to, sleep deprivation, and migraines, which Plaintiffs have not been unable to adequately address.

83. But for the Defendant's actions Plaintiffs would never have experienced these psychological injuries with physical manifestations.

**AS AND FOR THE EIGTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**
**(Against All Defendants)**

84. Plaintiffs repeats and realleges the allegations of Paragraphs 1 through 70 as if set forth in full herein.

85. On or around August 12, 2021, Defendants epically disrespected the plaintiffs personally and publicly, subject them to public humiliation and scorn and ejecting them form a flight into a storm after encouraging Plaintiffs to check their luggage which contained their diabetes medication and then after having bounced them from a flight not even providing for overnight accommodations or paying for a hotel or even a livery service.

86. Defendants knew or had reason to know that Defendant Jane Doe's representations about Plaintiffs were false, overblown and nonsensical and that this ordinary older Orthodox Jewish couple certainly presently no threat of safety to the flight, the airplane or any other patrons

and any disruption was created by the flight attendants' histrionics.

87. Defendants thereby negligently caused Plaintiffs to suffer shame, mortification, and injury to their feelings die to a failure to manage, supervise or train relevant employees and agents.

88. As a direct result of Defendants' conduct, Plaintiffs have also suffered, and continues to suffer, from a variety of trauma including, but not limited to, sleep deprivation, and migraines, which Plaintiffs have not been unable to adequately address.

89. But for the Defendant's actions Plaintiffs would never have experienced these psychological injuries with physical manifestations.

## PUNITIVE DAMAGES

90. Plaintiffs suffered discriminatory and racially charged conduct by Defendant. Defendant acted intentionally, purposefully, and maliciously in discriminating against Plaintiffs because of race, religion and national origin. Plaintiffs were singled out as persons not wanted on the aircraft because of race, color, religion and nationality. Defendant's action caused Plaintiffs' unbearable humiliation, embarrassment and mental and emotional anguish.

91. Defendant's acts were oppressive, despicable, and in conscious disregard of the civil rights of Plaintiffs thereby warranting an award for punitive damages against Defendant to punish and make an example of them.

92. Defendant's egregious acts of discrimination against Plaintiffs was willful and so deserving of the imposition of punitive damages in an amount to be determined by the jury to deter future acts of discrimination and humiliation by Defendant and to punish Defendant for discriminatory conduct against Plaintiffs.

## ATTORNEY'S FEES

93. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this,

as the Court deems equitable and just, as provided by 42 U.S.C. § 1988(b).

## JURY DEMAND

94. Plaintiffs hereby demand jury trial on all issues, claims, actions and defenses in this case.

## PRAYER

WHEREFORE, Plaintiffs request that defendant be summoned to appear and answer and that on final trial, judgment be granted against defendant, awarding Plaintiffs the following:

a. Actual damages,

b. Compensatory damages including damages for emotional distress and humiliation and irreversible defacement of the Adler name,

c. Punitive damages,

d. Pre and post judgment interest, in the maximum amount allowed by Law,

e. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiffs as stated in 42 U.S.C. § 1988,

f. All reasonable and necessary costs incurred in pursuit of this suit, and

g. Such other and further legal and equitable relief to which plaintiffs may be justly entitled.

h. Exemplary damages in an amount commensurate with defendant's ability and so as to defer future malicious, reckless and or intentional discriminatory conduct.

i. Awarding Plaintiffs such other and' further relief as this Court deems necessary, just, and proper.

Dated: Garden City, New York
November 29, 2021

                                             Respectfully submitted,
                                             **GERSTMAN SCHWARTZ LLP**

                                             *By:  /s/ Randy E. Kleinman*
                                             1399 Franklin Avenue, Suite 200
                                             Garden City, New York 11530
                                             Tel. No.: (516) 880-8170
                                             Attorneys for Plaintiffs