IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERTO BIRMAN and ELENA BIRMAN | : : : | CIVIL ACTION |
| Plaintiff, | : : | CASE NO.: 21-cv-6634 |
| v. | : : | |
| AMERICAN AIRLINES, INC. And JANE DOE (1-10) | : : | **JURY DEMANDED** |
| Defendant. | : : : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
WITH AFFIRMATIVE DEFENSES**

**NOW COMES** Defendant, AMERICAN AIRLINES, INC., (hereinafter, "**AA**" or "**Defendant**"), by and through its undersigned counsel, and files its Answer to Plaintiff's Complaint with Affirmative Defenses (hereinafter, "**Answer**").

The numbered paragraphs of the Answer correspond to the like-numbered paragraphs of the Complaint and unless specifically admitted herein, each factual allegation in the Complaint is hereby denied.

**PARTIES**

1. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 1 of the Complaint. To the extent a response is required, said allegations are denied.

2. Admitted.

3. Admitted.

## JURISDICTION

4. The allegations in paragraph 4 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

5. The allegations in paragraph 5 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

6. The allegations in paragraph 6 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

## VENUE

7. Admitted.

## CONDITIONS PRECEDENT

8. The allegations in paragraph 8 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

## STATEMENT OF FACTS

9. Admitted.

10. Admitted.

11. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 11 of the Complaint. To the extent a response is required, said allegations are denied.

12. Admitted.

13. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 13 of the Complaint. To the extent a response is required, said allegations are denied.

14. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 12 of the Complaint. To the extent a response is required, said allegations are denied.

15. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 15 of the Complaint. To the extent a response is required, said allegations are denied.

16. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 16 of the Complaint. To the extent a response is required, said allegations are denied.

17. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 17 of the Complaint. To the extent a response is required, said allegations are denied.

18. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 18 of the Complaint. To the extent a response is required, said allegations are denied.

19. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 19 of the Complaint. To the extent a response is required, said allegations are denied.

20. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 20 of the Complaint. To the extent a response is required, said allegations are denied.

21. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 21 of the Complaint. To the extent a response is required, said allegations are denied.

22. Denied.

23. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 23 of the Complaint. To the extent a response is required, said allegations are denied.

24. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 24 of the Complaint. To the extent a response is required, said allegations are denied.

25. Denied.

26. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 26 of the Complaint. To the extent a response is required, said allegations are denied.

27. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 27 of the Complaint. To the extent a response is required, said allegations are denied.

28. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 28 of the Complaint. To the extent a response is required, said allegations are denied.

29. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 29 of the Complaint. To the extent a response is required, said allegations are denied.

30. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 30 of the Complaint. To the extent a response is required, said allegations are denied.

31. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 31 of the Complaint. To the extent a response is required, said allegations are denied.

32. Denied.

33. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 33 of the Complaint. To the extent a response is required, said allegations are denied.

34. Denied.

35. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 35 of the Complaint. To the extent a response is required, said allegations are denied.

36. Denied.

37. Denied.

38. Denied.

39. Defendant is without knowledge or information sufficient to respond to the allegations in paragraph 39 of the Complaint.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1981)**

40. Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

41. The allegations in paragraph 41 are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

42. The allegations in paragraph 42 are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

43. Denied.

44. Denied.

45. Denied.

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 2000(D))

46. Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

47. The allegations in paragraph 47 are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

48. The allegations in paragraph 48 are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

## THIRD CAUSE OF ACTION
### (49 U.S.C. § 44902)

49. Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

50. Denied.

51. Denied

52. Denied.

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

53. The allegations in paragraph 53 are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

54. The allegations in paragraph 54 are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

55. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 55 of the Complaint, and, therefore, denies those allegations.

56. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 56 of the Complaint, and, therefore, denies those allegations.

57. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 57 of the Complaint, and, therefore, denies those allegations.

58. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 58 of the Complaint, and, therefore, denies those allegations.

59. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 59 of the Complaint, and, therefore, denies those allegations.

60. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 60 of the Complaint, and, therefore, denies those allegations.

61. Denied.

62. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 62 of the Complaint, and, therefore, denies those allegations.

63. Denied.

### FIFTH CAUSE OF ACTION
**(Breach of Good Faith and Fair Dealing)**

64. Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

65. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 65 of the Complaint, and, therefore, denies those allegations.

66. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 66 of the Complaint, and, therefore, denies those allegations.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 71 of the Complaint, and, therefore, denies those allegations.

72. Denied.

### SIXTH CAUSE OF ACTION
### (N.Y. Gen. Bus. Law § 349)

73. Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

74. The allegations in paragraph 74 are conclusions of law to which no response is required. To the extent a response is required, said allegations are denied.

75. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 75 of the Complaint, and, therefore, denies those allegations.

76. Denied.

### SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

77. Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

78. Denied.

79. Denied.

80. Denied.

81. Defendant is without knowledge or information regarding the truth of the allegations contained in paragraph 81 of the Complaint, and, therefore, denies those allegations.

82. Denied.

83. Denied.

## EIGHTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

84. Defendant incorporates by reference its responses to the preceding paragraphs of this Answer as if set forth herein at length.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## PUNITIVE DAMAGES

90. Denied.

91. Denied.

92. Denied.

## ATTORNEY'S FEES

93. Defendant denied that Plaintiff is entitled to any relief requested.

## JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

9

**PRAYER**

Defendant denies that Plaintiff is entitled to any relief requested in the "Wherefore" paragraphs contained in paragraphs a-i of the Complaint.

a.  Defendant denies that Plaintiff is entitled to the relief requested in paragraph a.

b.  Defendant denies that Plaintiff is entitled to the relief requested in paragraph b.

c.  Defendant denies that Plaintiff is entitled to the relief requested in paragraph c.

d.  Defendant denies that Plaintiff is entitled to the relief requested in paragraph d.

e.  Defendant denies that Plaintiff is entitled to the relief requested in paragraph e.

f.  Defendant denies that Plaintiff is entitled to the relief requested in paragraph f.

g.  Defendant denies that Plaintiff is entitled to the relief requested in paragraph g.

h.  Defendant denies that Plaintiff is entitled to the relief requested in paragraph h.

i.  Defendant denies that Plaintiff is entitled to the relief requested in paragraph i.

Defendant denies the allegations contained within the prayers of the Complaint and denies all factual allegations in each count of the Complaint not specifically admitted above.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has not yet obtained all necessary discovery from Plaintiff or others in connection with this action and, therefore, reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c), and without conceding that any such defenses must be set forth in its answer, and without assuming the burden of proof on matters and issues other than those on which Defendant has the burden of proof as a matter of law, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's negligence claims and claimed damages are pre-empted by the Federal Aviation Act of 1958, 49 U.S.C. § 40101, *et seq.,* ("**FAA**"), the FAA permissive removal statute, 49 U.S.C. § 44902, and Tariff Rule 35 since Plaintiff was removed from the aircraft after it was reported to the flight's Captain that Plaintiff had assaulted a uniformed flight attendant after refusing to comply with repeated instructions of that flight attendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's negligence and refusal to transport contract claims and claimed damages are pre-empted by the Airline Deregulation Act, 49 U.S.C. § 41713, *et seq.,* ("**ADA**") in that Plaintiff's claims and damages are related to the services described in Defendant's Contract of Carriage with Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' refusal to transport contact claims and claimed damages are pre-empted by the ADA to the extent Plaintiff claims the Contract of Carriage guaranteed him travel since the Contract of Carriage does not guarantee travel and ADA pre-emption precludes Plaintiff from using state common law to supply missing terms in the agreement.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's refusal to transport contract claims are pre-empted by the FAA since those claims are based on Defendant's decision to refuse to transport Plaintiff and the refusal decision was based on Plaintiff's reported failure to comply with FAA regulations implicating federal law external to the parties' contract.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's negligence claim is barred by the independent tort rule. Plaintiff alleges Defendant violated various duties which arise, if at all, from the Conditions of Carriage between

the parties, and Plaintiff's claim therefore essentially amounts to a negligent performance of contractual obligations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's economic damage claims arising from his negligence, defamation and Ticket Act claims are barred by the economic loss doctrine since but for the Contract of Carriage between Plaintiff and Defendant, there would be no relationship between or conduct among the parties to give rise to Plaintiff's claimed economic damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts the statutory, including F.S. § 768.73, and common law caps on punitive damages.

### EIGTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced, in whole or in part, to the extent Plaintiff failed to take reasonable steps to mitigate his damages and/or injuries.

### NINTH AFFIRMATIVE DEFENSE

The alleged incident and Plaintiff's claimed damages were caused, in whole or in part, by Plaintiff's negligent and intentional conduct and, therefore, any damages awarded to Plaintiff must be reduced in proportion to Plaintiff's percentage of responsibility for his own damages pursuant to principles of comparative and/or contributory negligence.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's refusal to transport contact claim is barred by Plaintiff's prior material breach of the Conditions of Carriage agreement between the parties in that he engaged in conduct prohibited by that agreement. Specifically, Plaintiff engaged in disorderly, abusive or violent conduct, attempted to interfere with a uniformed crew member, refused to obey instructions of a uniformed crew member and/or engaged in actions that might jeopardize the safety of the aircraft or any of

its occupants, thus allowing Defendant to "refuse transport" to Plaintiff under the terms of the agreement.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's AAdvantage™ contact claim is barred by Plaintiff's prior material breach of the terms and conditions of Defendant's AAdvantage™ program. Specifically, Plaintiff's violation of the Conditions of Carriage agreement between the parties by engaging in disorderly, abusive or violent conduct, attempting to interfere with a uniformed crew member, refusing to obey instructions of a uniformed crew member and/or engaging in actions that might jeopardize the safety of the aircraft or any of its occupants, thus allowing Defendant to take various actions up to and including termination of Plaintiff's participation in and forfeiture of all benefits accrued to Defendants' AAdvantage™ program. Further, Plaintiff's participation in Defendants' AAdvantage™ program "does not entitle [Plaintiff] to any vested rights with respect to mileage credits, awards or program benefits" and such "mileage credits and award tickets [are] not…property of [Plaintiff]."

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged incident and damages allegedly sustained by Plaintiff, were in whole or in part, caused by Plaintiff's own culpable conduct and/or comparative negligence and/or assumption of risk.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary and/or indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure for the adjudication of this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

The damages claimed by the Plaintiff, which are denied, were caused by interceding, intervening and/or superseding acts of third parties and/or others not under the control of the Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff were caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom Answering Defendant had no control at any time relevant hereto, and in the event that Answering Defendant is found liable to Plaintiff, which liability is expressly and without reservation denied, Answering Defendant will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, Answering Defendant pleads the expiration of the applicable statute of limitations as a complete and/or partial bar to Plaintiff's claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every cause of action alleged in the Complaint are barred, in whole or in part, because Answering Defendant's conduct was in conformity with, and was pursuant to, statutes, governmental regulations and industry standards, based upon the knowledge existing at the time of such conduct.

## RESERVATION OF RIGHTS

Answering Defendant has insufficient knowledge or information on which to form a belief as to whether it may have any additional, as yet unstated, defenses available. Answering Defendant

reserves the right to amend or assert additional defenses which may become known during the course of discovery or revealed during pretrial proceedings.

WHEREFORE, having fully answered the Plaintiff's Complaint and having raised defenses thereto, Defendant respectfully requests that all relief requested by Plaintiff be denied and Defendant be awarded such further relief, both legal and equitable, to which Defendant may show itself justly entitled.

Respectfully submitted this 11th day of February, 2022.

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Jacqueline M. Weyand*
Jacqueline M. Weyand, Esq.
640 Fifth Avenue, 9th Floor
New York, NY 10019-6102
212 440 4488 (o)
jacqueline.weyand@bipc.com
*Attorney for Defendant American Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   */s/ Jacqueline Weyand*

**SERVICE LIST:**

    Randy E. Kleinman
    Gerstman Schwartz LLP
    1299 Franklin Ave, Suite 200
    Garden City, NY 11530
    Tel: (516) 880-8170
    *Counsel for Plaintiffs*