UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERTO BIRMAN and ELENA BIRMAN,

Civil Case No. 21-cv-6634

Plaintiffs,
---------------------------------------------------------
-against-

AMERICAN AIRLINES INC.
and JANE DOE (1-10).

Defendants,
---------------------------------------------------------

**DECLARATION OF RANDY KLEINMAN IN SUPPORT
OF GERSTMAN SCHWARTZ LLP REQUEST TO WITHDRAW AS COUNSEL**

RANDY KLEINMAN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct.

1. I submit this declaration in support of the Gerstman Schwartz LLP's request to withdraw as counsel for the plaintiffs in the above-captioned cases pursuant to Local Civil Rule 1.4 of this Court.

2. I make this declaration based on personal knowledge and upon information and belief.

**The Necessity of Withdrawal**

3. I seek to withdraw as counsel in the above captioned case because my firm and plaintiffs have a fundamental disagreement about how this matter should be handled. *See* N. Y. Rules of Professional Conduct 1.16(c)(4).Courts have held that withdrawal is warranted when a "client renders it unreasonably difficult for the lawyer to carry out such employment effectively." Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (quoting Lawrence Aviation Indus., 2011 WL 601415, at *1 (internal quotation marks

and alterations omitted)). This difficulty might arise from the client's lack of cooperation or failure to communicate, or by "the existence of an irreconcilable conflict between attorney and client." Naguib v. Pub. Health Sols., No. 12-2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (quoting Diarama Trading Co. v. J. Walter Thompson U.S.A., 01 Civ. 2950, 2005 WL 1963945, at *2 (S.D.N.Y. Aug. 12, 2005) (internal quotation marks omitted)) (citing Ashmore v. Cgi Group, Inc., 11 Civ. 8611, 2014 WL 1414314, at *1 (S.D.N.Y. Apr. 7, 2014); Winkfield v. Kirschenbaum & Phillips, P.C., 12 Civ. 7424, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013)).

4. On Friday, September 9th, 2022, Plaintiffs' informed counsel via email that they "are no longer interested in having [our] firm represent [them] in the ongoing case" and asked that my firm "immediately return the file." (*See* Exhibit A). Courts have held that "when counsel has been discharged—and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances." Casper v. Lew Lieberbaum & Co., No. 97-3016, 1999 WL 335334, at *4 (S.D.N.Y. 1999); United States v. All Right, Title and Interest in Real Property and Appurtenances Thereto Known as 35-37 East Broadway, New York, New York 10002, No 12- 4034, 2013 WL 4006073, at * 8 (S.D.N.Y. Aug. 6, 2013). We have made no prior application has been made for the same or similar relief.

**WHEREFORE**, it is requested that this application be granted and that this law firm be relieved as counsel for Plaintiffs, and upon the granting of such application, that all further proceedings be stayed for 30 days after the granting of this motion to enable Plaintiffs to obtain new counsel and any further relief that this Court may deem just and proper.

Dated: Garden City, New York
September 14, 2022

Respectfully Submitted,

**GERSTMAN SCHWARTZ LLP**

_/s/ *Randy E. Kleinman*_____
Randy E. Kleinman, Esq.
1399 Franklin Avenue, Suite 200
Garden City, New York 11530
Phone: (516) 880-8170
Fax: (516) 880-8171
rkleinman@gerstmanschwartz.com